IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAJHON WILSON,
FDOC Inmate No. R21310,
    Plaintiff,

vs.                                                          Case No.: 3:20cv5260/LAC/EMT

C. BEARDON,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's "Motion to Voluntary Dismiss Without Prejudice" (ECF No. 5). Plaintiff's request for voluntary dismissal is governed by Rule 41(a)(1) of the Federal Rules of Civil Procedure, which provides in pertinent part as follows:

    (a)    Voluntary Dismissal.

    (1) By the Plaintiff.

        (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            (i)    a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .

Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, even if the Defendant has not filed an answer or motion for summary judgment, the unilateral right of Plaintiff to dismiss this action is trumped in the event the action is subject to "any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). This action is subject to the Prison Litigation Reform Act ("PLRA") and therefore a notice of voluntary dismissal under Rule 41(a)(1) is subject to the provisions of the PLRA. *Hines v. Graham, et al.*, 320 F. Supp. 2d 511, 523–27 (N.D. Tex. 2004); *Stone v. Smith*, No. CV608–088, 2009 WL 368620, at *1–2 (S.D. Ga. Feb. 13, 2009). This means Plaintiff cannot unilaterally dismiss this case for the purpose of avoiding the entry of an order of dismissal and a strike against him based on the dismissal.

The court has screened Plaintiff's complaint and entered a Report and Recommendation recommending dismissal of the complaint as malicious pursuant to 28 U.S.C. § 1915A(b)(1) (ECF No. 4). If Plaintiff was permitted to voluntarily dismiss this case after the court has screened the complaint and determined the complaint is subject to dismissal, the purpose of the PLRA—to discourage prisoners from filing baseless suits—would be frustrated. In other words, allowing Plaintiff to voluntarily dismiss the complaint after the screening process has been completed would frustrate Congress' intent in enacting the PLRA. *Hines*, 320 F. Supp. 2d at 526. As the *Hines* court aptly observed:

> If a prisoner is allowed to dismiss his complaint without prejudice . . . after the magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scare judicial resources.

*Id.* at 527. The undersigned thus finds Plaintiff is not permitted to voluntarily dismiss this case without prejudice by filing a notice of voluntary dismissal.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's "Motion to Voluntary Dismiss Without Prejudice" (ECF No. 5) be **DENIED**.

2. That this case be **DISMISSED** for the reasons set forth in the Report and Recommendation (ECF No. 4).

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of May 2020.

        */s/ Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:20cv5260/LAC/EMT